UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JUAN CASTILLO,

                          Plaintiff,

                  -against-

THE CITY OF NEW YORK, JOHN ROCHA,
and JOHN DOES 1-10

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2010 ★

BROOKLYN OFFICE

**COMPLAINT**

**10   3507**

**AMON. J.**

**J. ORENSTEIN, M.J.**

Plaintiff Juan Castillo, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned plaintiff was a resident of the County of

New York, City and State of New York.

2.      At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD") and the

New York City Department of Corrections ("DOC") and its employees.

3.      At all times hereinafter mentioned, defendant John Rocha, Shield Number

11055, was a member of the NYPD, employed, retained, and trained by New York City. Rocha is

sued herein in his official and individual capacities.

4.      At all times hereinafter mentioned, defendants, John Does 1-5

(collectively referred to herein as the "Doe defendants") are members of the NYPD whose identity is unknown and who at all relevant times herein were employed, retained, and trained by New York City. The Doe defendants are sued herein in their official and individual capacities.

5.     At all times hereinafter mentioned, defendants, John Does 6-10 (collectively referred to herein as the "Doe defendants") are members of the NYPD or DOC whose identity is unknown and who at all relevant times herein were employed, retained, and trained by New York City. The Doe defendants are sued herein in their official and individual capacities.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the majority of the events complained of herein occurred, and where plaintiff and defendant City of New York reside.

8.     That plaintiff timely served a Notice of Claim on the municipal defendant.

9.     At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10.     That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

**RELEVANT FACTS**

11.     Plaintiff is a 25 year-old male diabetic. As of the date of this incident, plaintiff would inject himself with insulin five times a day, sometimes with a Novolog Pen. The

2

Novolog Pen looks like a pen and can be used over and through clothing.

12.     On September 17, 2009, at or around 8:00 a.m., plaintiff was traveling to work on the "F" subway line. As the train traveled from station to station in Queens County, plaintiff injected himself in his right leg with the Novalog Pen. .

13.     In order to inject himself, Mr. Castillo, who was sitting in a seat, simply placed the Novolog Pen against his leg, over his pants, and momentarily depressed the button at the end of the pen. The entire process lasted, at most, a few seconds.

14.     Immediately thereafter, while the train was sitting in a subway station, Mr. Castillo, momentarily lifted his right knee up and wedged his right heel on his seat, underneath his right buttock, so that he could more easily rub his thigh at the injection site. This was a necessary step in the injection process and helped to ensure that the insulin does not clog at the site of the injection.

15.     At that moment, defendant Rocha directed Mr. Castillo to step off the train.

16.     Mr. Castillo complied and exited the train onto the platform.

17.     While on the platform, Mr. Castillo explained that he was a diabetic and that it was medically necessary for him to take the insulin. He further informed the defendant that his foot was only on the seat beneath him for an instant, and that he put it there to make it easier for him to massage the injection site, which was a regular part of the protocol Mr. Castillo follows when he takes his insulin.

18.     Notwithstanding the above, the defendant advised plaintiff that he was taking him into custody. Plaintiff was then handcuffed and arrested and transported to a local

3

Transit District station.

19.     Once at the station house, plaintiff asked that he be permitted to have his medicine brought to him for his regular injections. He made clear that his condition was serious and that he must take the insulin as scheduled. However, plaintiff was told several times that it was unnecessary as he would be sent home shortly.

20.     Plaintiff's sister also called the station house and attempted to arrange for the delivery of plaintiff's medicine. She, too, clearly stated that plaintiff's diabetes was serious and that he must have his insulin as scheduled or face potentially fatal consequences. She was also told that there was no need to come to the station house or otherwise send plaintiff his medicine because plaintiff would be allowed to leave within a few hours.

21.     The officers at the station house with whom plaintiff and plaintiff's sister communicated about plaintiff's need for insulin and other issues relating to plaintiff's diabetes are named herein as the Doe defendants numbered 1-5.

22.     Plaintiff's family, relying exclusively on statements made by Rocha and the first five Doe defendants to Mr. Castillo's sister that his family should not bring his medicine to the station house because plaintiff would be released shortly, did not bring his medicine to the station house.

23.     However, having told plaintiff and his family that he was about released, Rocha and/or one or more of the five Doe defendants then instead caused plaintiff to be taken to Queens County Central Booking. At no time did any of these defendants make any effort to contact plaintiff's family to advise them that Mr. Castillo was not being released. They failed to do so even though they knew that (i) Mr. Castillo could suffer serious, possibly fatal medical

4

consequences if he was denied his insulin, and (ii) they were denying plaintiff access to his insulin, which was readily available or could be brought to the station house if needed.

24. While at Queens County Central Booking, plaintiff was held in a cell with other detainees under the direct supervision of the Doe defendants 6-10.

25. Because defendants' prevented him from obtaining his insulin, plaintiff became increasingly sick while at Queens County Central Booking. He began to throw up and eventually started drifting in and out of consciousness.

26. Plaintiff repeatedly asked these officers at Central Booking, identified herein as Doe defendants 6-10, for medical attention. The officers ignored his requests. They also ignored his obvious medical condition, even as it continued to deteriorate.

27. After more than 30 hours had passed since his arrest, plaintiff was eventually brought before a Judge, at which time his case was dismissed and he was permitted to leave.

28. Plaintiff was then taken to Metropolitan Hospital, where he was admitted and kept for two to three days for treatment necessitated by defendants' denial of plaintiff's insulin.

29. At no time did any of the defendants have sufficient legal cause to seize, detain, or arrest, plaintiff, nor was there any basis for defendants to reasonably believe that such cause existed.

30. At no time was there any reasonable basis for any of the defendants to deny plaintiff access to his insulin, nor was it reasonable for defendants to believe that this denial was appropriate.

5

31.     At no time did any of the Doe defendants, or any other member of the NYPD or DOC, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

32.     At all times relevant herein, each of the Doe defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

33.     Plaintiff repeats the allegations contained in paragraphs "1" through "32" above as though stated fully herein.

34.     The individual defendants, including certain of the Doe defendants, willfully and intentionally subjected plaintiff to false arrest and imprisonment by seizing and arresting him without probable cause therefor, and without a reasonable basis to believe that such cause existed.

35.     Defendants, while holding plaintiff in their custody, deliberately and intentionally prevented plaintiff from obtaining his insulin with the full knowledge that plaintiff was a diabetic who would suffer severe, potentially fatal, medical consequences if he did not receive the multiple daily insulin injections he required.

36.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of his right to due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, and Fourteenth

6

Amendments of the United States Constitution

37.    By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused plaintiff emotional and physical injuries, mental anguish, the loss of his

constitutional rights, and to be unlawfully incarcerated.

## SECOND CAUSE OF ACTION

38.    Plaintiff repeats the allegations contained in paragraphs "1" through "37"

above as though stated fully herein.

39.    The municipal defendant has a policy, either written or unwritten, pursuant

to which the NYPD and/or DOC denies individuals in their custody access to their medicine.

This is done by seizing the individuals' medicine or otherwise preventing them from gaining

access to medicine.

40.    The individual defendants' actions with respect to denying plaintiff access

to his insulin, and further preventing him from obtaining medical treatment while at Central

Booking, was carried out pursuant to this policy.

41.    This policy is either promoted, promulgated, or otherwise tacitly condoned

by the NYPD though its failure to take reasonable steps to correct such actions and/or

misconduct.

42.    By reason thereof, the municipal defendant has violated 42 U.S.C. §1983

and caused plaintiff emotional and physical injuries, mental anguish, and the loss of his

constitutional rights.

7

## THIRD CAUSE OF ACTION

43.     Plaintiff repeats the allegations contained in paragraphs "1" through "42" above as though stated fully herein.

44.     Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, denied access to his insulin, and subjected to false criminal charges by the defendants.

45.     At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for any of the aforesaid conduct, each and all of which was unlawful.

46.     The defendants are therefore liable to plaintiff for false arrest and imprisonment, and excessive force.

47.     By reason of the foregoing, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

48.     Plaintiff repeats the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

49.     The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with plaintiff.

50.     The defendants were further responsible for taking all reasonable steps to

8

protect the welfare of individuals involuntarily taken by defendants into their custody.

51.     The defendants' conduct, and the care rendered to plaintiff by the defendants, individually, jointly and through their agents, servants, employees, and/or associates, was careless and negligent and not in accordance with good and accepted police and law enforcement practices, and was not otherwise reasonable conduct under the circumstances then and there existing.

52.     As a result of the defendants' carelessness and negligence, plaintiff was caused to sustain severe personal injury and damage.

53.     By reason of the foregoing, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, and unlawful incarceration.

WHEREFORE, the Plaintiff demands judgment against defendants jointly and severally as follows:

i.      on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii.     on the second cause of action actual and punitive damages in an amount to be determined at trial;

iii.    on the third cause of action actual and punitive damages in an amount to be determined at trial;

iv.     on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

v.      statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, expenses, disbursements, and costs of this action; and

vi.     such other relief as the Court deems just and proper.

Dated:   Brooklyn, New York
         July 28, 2010

                              REIBMAN & WEINER

                         By:

                              Michael Lumer (ML-1947)
                              Attorneys for Plaintiff
                              26 Court Street, Suite 1005
                              Brooklyn, New York 11242
                              (718) 522-1743

                                    10